**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000476
10-DEC-2012
09:59 AM**

NO. CAAP-11-0000476

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHRISTOPHER REID, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 10-1-1407)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendant-Appellant Christopher Kanoa Reid (Reid) appeals from the Judgment of Conviction and Sentence, entered May 19, 2011 in the Family Court of the First Circuit[1] (family court).  Reid was found guilty of harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2010).

On appeal, among other points, Reid contends the family court erred by denying his "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Motion to Dismiss) filed March 2, 2011.

During the hearing on Reid's Motion to Dismiss, the family court relied upon Reid's familial status as a household member when it determined that it had jurisdiction over Reid in a

_____

[1]     The Honorable James H. Hershey presided.

harassment case.  In <u>State v. Alagao</u>, 77 Hawai'i 260, 883 P.2d 682 (App. 1994), this court expressly stated that a defendant's status as a family or household member did not satisfy the subject matter jurisdictional criteria of HRS § 571-14(a)(1)[2] in a harassment case.  This court stated in <u>Alagao</u>:

> HRS § 709-906 (Supp. 1992) specifies the offense of Abuse of Family and Household Members.  Alagao was not charged with that offense.  The fact that Alagao was a "family or household member" for purposes of HRS § 709-906 did not satisfy HRS § 571-14(1)'s subject matter jurisdiction factual criteria because a "family or household member" is not by that fact "the child's parent or guardian or . . . any other person having the child's legal or physical custody[.]"

<u>Id.</u> at 263, 883 P.2d at 685.

On appeal, the State of Hawai'i concedes that "Reid was not [the minor's] parent or guardian, nor did he have legal custody of [the minor]."  Therefore, the family court could only exercise its jurisdiction over Reid if Reid had physical custody of the minor at the time of the alleged harassment.

However, Reid did not have physical custody of the minor at the time of the alleged harassment.  In <u>Alagao</u>, this court adopted the definition of physical custody, as defined in HRS § 583-2(8) (1985), as actual possession and control of a child.  There was no evidence that Reid exercised actual possession and control of the minor at the time he allegedly kicked the minor.

---

[2]     HRS § 571-14(a)(1) states:

> **§571-14  Jurisdiction; adults.**  (a)  Except as provided in sections 603-21.5 and 604-8, the court shall have exclusive original jurisdiction:
>
> (1)  To try any offense committed against a child by the child's parent or guardian or by any other person having the child's legal or physical custody, and any violation of section 707-726, 707-727, 709-902, 709-903, 709-903.5, 709-904, 709-905, 709-906, or 302A-1135, whether or not included in other provisions of this paragraph or paragraph (2)[.]

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence entered May 19, 2011 in the Family Court of the First Circuit is vacated and the case is remanded with instructions to dismiss the charge for lack of jurisdiction.

DATED: Honolulu, Hawai'i, December 10, 2012.

On the briefs:

Nietzsche L. Tolan
Deputy Public Defender
for Defendant-Appellant.

James M. Anderson
Deputy Prosecuting Attorney
City & County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge